UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ERIN DAHMEN, | Case No. 23-CV-1948 (PJS/JFD) |
| Plaintiff, | |
| v. | ORDER |
| NEW CREATION DAYCARE CORPORATION, | |
| Defendant. | |

This matter is before the Court for review, pursuant to 28 U.S.C. § 1915(e), of plaintiff Erin Dahmen's civil complaint (ECF No. 1) and *in forma pauperis* (IFP) application (ECF No. 2). Based on that review and for the reasons explained below, the Court finds that it lacks jurisdiction to consider Dahmen's complaint. Therefore, the complaint is dismissed without prejudice and Dahmen's IFP application is denied as moot.

Federal courts "are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation and quotation marks omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001) ("It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction."). "A

1

plaintiff has the burden of establishing subject matter jurisdiction." *Jones v. Gale*, 470 F.3d 1261, 1265 (8th Cir. 2006).

Here, Dahmen claims that she was wrongfully terminated from her employment at New Creation Daycare Corporation ("New Creation"). Compl. at 4. According to Dahmen, New Creation claims to have video of her shoving a child, but she was not allowed to view the video. *Id.* Dahmen also says that she was told that she was not meeting performance expectations, but no one had told her that in the past. *Id.* Dahmen requests that her name be cleared and that she be shown the video of her allegedly shoving a child. *Id.* She also asks that New Creation change its "shoving policy" or at least allow her to view the video and provide guidance regarding whatever conduct is shown in the video. *Id.*

In civil disputes such as this, federal courts have the authority to adjudicate (1) cases "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; and (2) cases involving diversity of citizenship where the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332(a). Dahmen fails to assert any basis for federal jurisdiction in her complaint.

The Court finds that it does not have federal-question jurisdiction under 28 U.S.C. § 1331. Pursuant to that statute, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." An action "arises under" federal law within the meaning of 28 U.S.C.

§ 1331 in two situations: (1) where "federal law creates the cause of action asserted," *Gunn*, 568 U.S. at 257; and (2) where the action presents a state-law claim that "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities," *id*. at 258 (citation and quotation marks omitted).  Neither situation applies here.

First, Dahmen's complaint is entirely devoid of any reference to federal law or the United States Constitution.[1]  Instead, the core of Dahmen's complaint—wrongful termination from employment—is a state-law cause of action.  *See Nelson v. Prod. Alts., Inc.*, 715 N.W.2d 452, 453-54 (Minn. 2006) (discussing the scope of common-law wrongful discharge claims).  Dahmen's claims also do not fall into the second category of cases:  Dahmen alleges no facts suggesting that her wrongful-termination claim raises a substantial federal issue over which federal courts may exercise federal-question jurisdiction under § 1331.  Accordingly, § 1331 provides no basis for this Court to adjudicate this matter.

---

[1]   To be sure, federal law prohibits employment discrimination based on an individual's membership in a particular class.  *See, e.g.*, 29 U.S.C. § 621 *et seq.* (prohibiting employment discrimination based on age); 42 U.S.C. § 2000e-2 *et seq.* (prohibiting discriminatory employment practices based on an individual's "race, color, religion, sex, or national origin").  Dahmen, however, fails to plead any facts implicating these causes of action.  Further, although pro se complaints are to be liberally construed, federal courts are not required to "divine the litigant's intent and create claims that are not clearly raised."  *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 840 (8th Cir. 2004).

The Court also finds that it does not have diversity jurisdiction under 28 U.S.C. § 1332. For a federal court to have such jurisdiction, there must be complete diversity of citizenship between the parties and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). To determine whether it has jurisdiction, a court must "look to the parties' status at the lawsuit's filing." *Id.*

Here, however, Dahmen has failed to allege either her own or New Creation's citizenship. Instead, she simply lists Minnesota mailing addresses for both. Compl. at 2, 5. This is insufficient to allege citizenship for purposes of diversity jurisdiction. *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017). Moreover, if both Dahmen and New Creation are citizens of Minnesota, this Court would not have diversity jurisdiction.

In sum, because Dahmen's complaint does not allege a federal question or diversity of citizenship, this Court does not have jurisdiction to consider this matter. Dahmen's complaint is dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3).

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

2.  Plaintiff's IFP Application (ECF No. 2) is DENIED as MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 30, 2023

_____
Patrick J. Schiltz, Chief Judge
United States District Court